## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **MARTY HINTON,**<br><br>    individually and on behalf of all other similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>**ATLANTIC UNION BANK**,<br><br>    Defendant. | Civil Action No. 3:20-cv-00651-JAG |

## DEFENDANT ATLANTIC UNION BANK'S ANSWER AND COUNTERCLAIM TO PLAINTIFF MARTY HINTON'S COMPLAINT

Defendant, Atlantic Union Bank ("Atlantic Union"), by counsel, hereby submits its answer and counterclaim to Plaintiff Marty Hinton's ("Hinton") Complaint and states as follows:

## INTRODUCTION

1. Atlantic Union admits the allegations in Paragraph 1 of the Complaint.

2. The allegations in Paragraph 2 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Atlantic Union denies that it engaged in any unfair or unconscionable conduct.

3. Atlantic Union denies the allegations in Paragraph 3 of the Complaint.

4. The allegations in Paragraph 4 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Atlantic Union denies that Plaintiff is entitled to any of the relief he seeks,

denies that this Court could certify a class based on Plaintiff's proposed class definition, and denies that Plaintiff could be an adequate class representative.

## JURISDICTION

5. The allegations in Paragraph 5 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Atlantic Union denies that this Court has subject matter jurisdiction over this matter as Plaintiff cannot state a viable claim under the Electronic Funds Transfer Act and cannot show the propriety of jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) because more than two thirds of the putative class members are citizens of the same state as Atlantic Union.

## PARTIES

6. The allegations in the first sentence of Paragraph 6 state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. In response to the second sentence of Paragraph 6, Atlantic Union denies that Plaintiff currently has a checking account with Atlantic Union.

7. The allegations in Paragraph 7 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

8. Atlantic Union denies the allegations in Paragraph 8 of the Complaint.

# FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

I.  **Atlantic Union charges OD fees on transactions that do not actually overdraw the account.[1]**

   A.  **Overview of Claim**

   9.  The allegations in Paragraph 9 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

   10.  Atlantic Union denies the allegations in Paragraph 10 of the Complaint. Answering further, Atlantic Union states that Plaintiff's allegations in Paragraph 10 of the Complaint conflate the transaction authorization and settlement processes. When a consumer usesWhen the vendor presents the transaction for payment and the item settles on the consumer's checking account, the bank reduces the funds in the consumer's checking account accordingly. Atlantic Union has no control over when a vendor presents a transaction for payment and presentation can occur days after the point of sale transaction.

   11.  Atlantic Union denies the allegations in Paragraph 11 of the Complaint.

   12.  Atlantic Union denies the allegations in Paragraph 12 of the Complaint.

   13.  Atlantic Union denies the allegations in Paragraph 13 of the Complaint. Answering further, Atlantic Union states that it does not "sequester[ ] funds needed to pay" any debit card transaction until a transaction settles, and does not do so at the time a transaction is authorized.

   14.  The allegations in Paragraph 14 of the Complaint paraphrase or characterize the contents of a written document. Atlantic Union denies the allegations to the extent they are inconsistent with that document.

   15.  Atlantic Union denies the allegations in Paragraph 15 of the Complaint.

---

[1] Atlantic Union denies the allegation in this heading.

16. Atlantic Union denies the allegations in Paragraph 16 of the Complaint.

17. The allegations in Paragraph 17 of the Complaint paraphrase or characterize the contents of a written document. Atlantic Union denies the allegations to the extent they are inconsistent with that document.

18. Atlantic Union denies the allegations in Paragraph 18 of the Complaint.

19. Atlantic Union denies the allegations in Paragraph 19 of the Complaint.

20. The allegations in Paragraph 20 of the Complaint paraphrase or characterize the contents of a written document. Atlantic Union denies the allegations to the extent they are inconsistent with that document.

21. Atlantic Union denies the allegations in Paragraph 21 of the Complaint.

**B.   Mechanics of a Debit Card Transaction**

22. Atlantic Union denies all factual allegations in Paragraph 22 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to law, they are denied.

23. Atlantic Union denies the allegations in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint paraphrase or characterize the contents of a written document. Atlantic Union denies the allegations to the extent they are inconsistent with that document.

25. The allegations in Paragraph 25 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

26. The allegations in the first five sentences of Paragraph 26 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. The allegations in the last sentence of Paragraph 26 of the Complaint paraphrase

or characterize the contents of a written document. Atlantic Union denies the allegations to the extent they are inconsistent with that document.

27. Atlantic Union denies the allegations in Paragraph 27 of the Complaint.

**C. Atlantic Union's Account Contract**

28. In response to the allegations in Paragraph 28 of the Complaint, Atlantic Union denies that Plaintiff has a current checking account with Atlantic Union. The remaining allegations in Paragraph 28 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

29. The allegations in Paragraph 29 of the Complaint paraphrase or characterize the contents of a written document. Atlantic Union denies the allegations to the extent they are inconsistent with the document.

30. The allegations in Paragraph 30 of the Complaint paraphrase or characterize the contents of a written document. Atlantic Union denies the allegations to the extent they are inconsistent with the document.

31. The allegations in Paragraph 31 of the Complaint paraphrase or characterize the contents of a written document. Atlantic Union denies the allegations to the extent they are inconsistent with the document.

32. Atlantic Union denies the allegations in Paragraph 32 of the Complaint.

33. The allegations in Paragraph 33 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

34. Atlantic Union denies the allegations in Paragraph 34 of the Complaint.

35. Atlantic Union denies the allegations in Paragraph 35 of the Complaint.

36. Atlantic Union denies the allegations in Paragraph 36 of the Complaint.

37. Atlantic Union denies the allegations in Paragraph 37 of the Complaint.

38. Atlantic Union denies the allegations in Paragraph 38 of the Complaint.

39. Atlantic Union denies the allegations in Paragraph 39 of the Complaint.

40. Atlantic Union denies the allegations in Paragraph 40 of the Complaint.

41. Atlantic Union denies the allegations in Paragraph 41 of the Complaint.

42. Atlantic Union denies the allegation sin Paragraph 42 of the Complaint.

**D.     Atlantic Union abuses contractual discretion[2]**

43. The allegations in Paragraph 43 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

44. The allegations in Paragraph 44 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

45. The allegations in Paragraph 45 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

46. The allegations in Paragraph 46 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

**E.     Reasonable consumers understand debit card transactions are debited immediately[3]**

47. Atlantic Union denies the allegations in Paragraph 47 of the Complaint.

48. Atlantic Union denies the allegations in Paragraph 48 of the Complaint.

---

[2] Atlantic Union denies the allegations in this heading.

[3] The allegations in this heading contain legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

49. Atlantic Union denies all factual allegations in Paragraph 49 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent the allegations are contrary to law, they are denied.

50. The allegations in Paragraph 50 of the Complaint paraphrase or characterize the contents of a written document. Atlantic Union denies the allegations to the extent they are inconsistent with that document.

51. The allegations in Paragraph 51 of the Complaint paraphrase or characterize the contents of a written document. Atlantic Union denies the allegations to the extent they are inconsistent with that document.

52. The first sentence in Paragraph 52 of the Complaint states legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. The remaining allegations in Paragraph 52 of the Complaint paraphrase or characterize the contents of a written document. Atlantic Union denies the allegations to the extent they are inconsistent with that document.

53. The allegations in Paragraph 53 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

54. The allegations in Paragraph 54 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

**F.  Plaintiff's Debit Card Transactions**

55. In response to the allegations in Paragraph 55 of the Complaint, Atlantic Union admits that Plaintiff was assessed an overdraft fee for a transaction that settled on December 16, 2019. Atlantic Union denies the remaining allegations in Paragraph 55 of the Complaint.

## II. Class Action Allegations

56. Atlantic Union denies all factual allegations in Paragraph 56 of the Complaint; to the extent the allegations are conclusions of law, no response is required. to the extent that the allegations are contrary to law, they are denied. Atlantic Union denies that any class could ever be certified in this action.

57. Atlantic Union denies all factual allegations in Paragraph 57 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to law, they are denied. Atlantic Union denies that any class could ever be certified in this action.

58. Atlantic Union denies all factual allegations in Paragraph 58 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to law, they are denied. Atlantic Union denies that any class could ever be certified in this action.

59. Atlantic Union denies all factual allegations in Paragraph 59 of the Complaint, including subparagraphs (a)-(e); to the extent the allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to law, they are denied. Atlantic Union denies that any class could ever be certified in this action.

60. Atlantic Union denies all factual allegations in Paragraph 60 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to law, they are denied. Atlantic Union denies that any class could ever be certified in this action.

61. Atlantic Union denies all factual allegations in Paragraph 61 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent that the

allegations are contrary to law, they are denied. Atlantic Union denies that any class could ever be certified in this action.

62. Atlantic Union denies all factual allegations in Paragraph 62 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to law, they are denied. Atlantic Union denies that any class could ever be certified in this action.

63. Atlantic Union denies all factual allegations in Paragraph 63 of the Complaint, including subparagraphs (a)-(d); to the extent the allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to law, they are denied. Atlantic Union denies that any class could ever be certified in this action.

64. Atlantic Union denies all factual allegations in Paragraph 64 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to law, they are denied. Atlantic Union denies that any class could ever be certified in this action.

65. Atlantic Union denies all factual allegations in Paragraph 65 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to law, they are denied. Atlantic Union denies that any class could ever be certified in this action.

66. The allegations in Paragraph 66 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

# FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT
### INCLUDING BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
(On behalf of Plaintiff and the APPSN Class)

67. Atlantic Union incorporates its responses to Paragraphs 1 through 66 of Complaint as if fully stated herein.

68. The allegations in Paragraph 68 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

69. Atlantic Union denies all factual allegations in Paragraph 69 of the Complaint, as neither Atlantic Union nor any of its predecessor banks used "identical or substantively identical" contracts. To the extent the allegations in Paragraph 69 are conclusions of law, no response is required. To the extent the allegations are contrary to law, they are denied.

70. Atlantic Union denies the allegations in Paragraph 70 of the Complaint.

71. Atlantic Union denies the allegations in Paragraph 71 of the Complaint.

72. Atlantic Union denies all factual allegations in Paragraph 72 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent the allegations are contrary to law, they are denied.

73. Atlantic Union denies all factual allegations in Paragraph 73 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent the allegations are contrary to law, they are denied.

74. Atlantic Union denies the allegations in Paragraph 74 of the Complaint.

75. Atlantic Union denies the allegations in Paragraph 75 of the Complaint.

76. Atlantic Union denies the allegations in Paragraph 76 of the Complaint.

77. Atlantic Union denies the allegations in Paragraph 77 of the Complaint.

## SECOND CLAIM FOR RELIEF

### Violation of Electronic Fund Transfers Act (Regulation E)
### C.F.R. § 1005, *et seq.* (authority derived from 15 U.S.C. §§ 1693, *et seq.*)
### (On Behalf of Plaintiff and the Putative Class)

78. Atlantic Union incorporates its responses to Paragraphs 1 through 77 of the Complaint as if fully stated herein.

79. Atlantic Union denies all factual allegations in Paragraph 79 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to law, they are denied.

80. The allegations in Paragraph 80 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

81. The allegations in Paragraph 81 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

82. Atlantic Union denies the allegations in Paragraph 82 of the Complaint.

83. Atlantic Union denies the allegations in Paragraph 83 of the Complaint.

84. Atlantic Union denies the allegations in Paragraph 84 of the Complaint.

## PRAYER FOR RELIEF

85. As to the "WHEREFORE" Paragraph following Paragraph 84 of the Complaint, Atlantic Union denies that Plaintiff or any putative class member is entitled to any form of relief under any theory of recovery.

86. Atlantic Union denies, generally and specifically, all allegations not specifically admitted herein, including any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. Atlantic Union reserves the right to rely up on any and all defenses

as may become known throughout discovery or trial. Atlantic Union reserves the right to amend this Answer to the Complaint to conform the evidence as determined in discovery or trial.

## JURY DEMAND

87. Atlantic Union admits that Plaintiff requests a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof or burden not required by law, Atlantic Union alleges the following affirmative and other defenses with respect to Plaintiff and members of the putative class he seeks to represent.

1. The Court does not have jurisdiction over this matter under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), as the local controversy exception divests this Court of jurisdiction.

2. The Court does not have jurisdiction over this matter under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), as the home state defendant exception divests this Court of jurisdiction.

3. Plaintiff's claims are barred, in whole or in part, to the extent the claims made in the Complaint on behalf of Plaintiff or the putative class members are barred by the doctrine of judicial estoppel, collateral estoppel, and *res judicata*, including with respect to any other actions filed by Plaintiff.

4. Plaintiff cannot recover from Atlantic Union as a class action to the extent that class recovery would deprive Atlantic Union of its due process rights to assert individualized defenses to the claims of class members.

5. This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims

of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and his counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties in any attempt to proceed as a class action.

6. The Complaint herein, and each and every cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Atlantic Union, and further fails to state sufficient acts to entitle Plaintiff to the relief sought, or to any other relief from Atlantic Union.

7. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

8. Plaintiff's claims are barred, in whole or in part, under the applicable statutes of limitations and well as the doctrines of waiver, laches, and/or estoppel.

9. Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff ratified the terms of the contract, including through accord and satisfaction.

10. Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

11. Atlantic Union incorporates the defenses of all other persons or entities who are now or who may become parties to this action as if those defenses are set forth herein.

12. Atlantic Union reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

13. Plaintiff's claims are barred, in whole or in part, under the doctrine of offset and recoupment.

WHEREFORE, Defendant Atlantic Union Bank, having fully responded to Plaintiff's Complaint, respectfully requests:

a) that the Court enter judgment in favor or Atlantic Union and against Plaintiff on the claims in Plaintiff's Complaint, deny all relief sought by Plaintiff, and dismiss Plaintiff's Complaint with prejudice;

b) that the Court award Atlantic Union its costs, including reasonable attorneys' fees, incurred in connection with this action; and

c) that the Court award Atlantic Union such other and further legal or equitable relief as the Court deems appropriate.

## COUNTERCLAIM

COMES NOW Defendant and Counterclaim Plaintiff Atlantic Union Bank, and for its counterclaim against Plaintiff and Counterclaim Defendant Marty Hinton, states as follows:

## PARTIES

1. Plaintiff and Counterclaim Defendant Marty Hinton ("Hinton") is a natural person and, upon information and belief, Hinton resides in Virginia.

2. Defendant and Counterclaim Plaintiff Atlantic Union Bank ("Atlantic Union") is a subsidiary of Atlantic Union Bankshares Corporation, which is organized under the laws of the Commonwealth of Virginia. Atlantic Union is headquartered in Richmond, Virginia and operates almost exclusively in Virginia.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391(a) and Local Rule 3(C) because a substantial part, if not all, of the events giving rise to Atlantic Union's claims occurred in this judicial district and division.

## FACTS

5. Hinton opened a checking account (the "Account") with Atlantic Union on September 20, 2019.

6. The Account was governed by Atlantic Union's Terms and Conditions, attached to Plaintiff's Complaint as **Exhibit A**.

7. Hinton acknowledged that he agreed to the Terms and Conditions when he opened his account and signed the corresponding signature card. Ex. A at 2.

8. Under the Terms and Conditions, Hinton agreed that he would be "liable for any account shortage resulting from charges or overdrafts . . .." *Id.* at 3.

9. Hinton agreed that the liability would be due "immediately." *Id.*

10. Under the Terms and Conditions, Hinton did not have a right to defer payment of the liability. *Id.*

11. The Terms and Conditions also provided that Hinton would be liable for Atlantic Union's "costs [and] reasonable attorneys' fees . . .." *Id.*

12. The last deposit into Hinton's Account was made on April 15, 2020.

13. Hinton overdrafted the funds in his Account on April 16, 2020.

14. Hinton continued to overdraft the Account throughout the months of April and May 2020.

15. Hinton's last withdrawal on the Account posted on May 22, 2020.

16. The balance of the Account at the time of Hinton's last withdrawal was -$1,201.68.

17. Atlantic Union closed the Account on June 16, 2020, with a balance of -$1,222.37.

18. Hinton has not reimbursed Atlantic Union for the overdrafted amount of the Account.

## **COUNT I – BREACH OF CONTRACT**

19. The allegations of Paragraphs 1 through 18 of this Counterclaim are incorporated herein by reference.

20. A valid contract existed between Atlantic Union and Hinton.

21. Atlantic Union has performed all of its obligations under the Terms and Conditions.

22. Hinton has defaulted under the Terms and Conditions by, among other things, failing to provide funds to cover all account shortages resulting from charges or overdrafts.

23. Hinton's breach has damaged Atlantic Union in an amount to be determined at trial, but not less than $1,222.37.

24. Atlantic Union is entitled to recoupment of the funds Hinton owes.

25. Under the Terms and Conditions, Atlantic Union may also recover its attorneys' fees and costs.

26. Accordingly, Hinton is liable to Atlantic Union for the total balance owed of $1,222.37, plus statutory interest from June 23, 2020 through the present, as well as Atlantic Union's attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Atlantic Union Bank, by counsel, hereby moves the Court to (1) enter a judgment in favor of Atlantic Union Bank against Counterclaim Defendant Marty Hinton in an amount not less than $1,222.37, plus statutory interest from June 23, 2020 until paid in full, as well as attorneys' fees and costs, and (2) grant Atlantic Union Bank all further relief that this Court finds equitable and just.

## DEMAND FOR JURY TRIAL

Atlantic Union hereby demands a trial by jury of all issues so triable.

Dated: November 16, 2020

Respectfully submitted,

**ATLANTIC UNION BANK**

*/s/ Alan D. Wingfield*
Alan D. Wingfield (VSB No. 27489)
Brooke K. Conkle (VSB No. 87413)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
Email: alan.wingfield@troutman.com
Email: brooke.conkle@troutman.com

*Counsel for Defendant Atlantic Union Bank*