**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

**MARTY HINTON,**

    individually and on behalf of all other
    similarly situated individuals,

        Plaintiff,

v.

**ATLANTIC UNION BANK**,

        Defendant.

Civil Action No. 3:20-cv-00651-JAG

## SETTLEMENT AGREEMENT AND RELEASE

**TABLE OF CONTENTS**

Page

1.  RECITALS ....................................................................................................... 1

2.  DEFINITIONS.................................................................................................. 3

3.  PRELIMINARY APPROVAL ......................................................................... 6

4.  APPSN SETTLEMENT CLASS ..................................................................... 7

5.  SETTLEMENT FUND................................................................................... 15

6.  ENTRY OF FINAL JUDGMENT AND ORDER.......................................... 20

7.  TERMINATION............................................................................................. 20

8.  MISCELLANEOUS PROVISIONS............................................................... 22

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into by the Parties and their counsel as of August___, 2021, in the case captioned *Marty Hinton v. Atlantic Union Bank*, No. 3:20-cv-00651-JAG, pending in the United States District Court for the Eastern District of Virginia, and it is submitted to the Court for approval pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## 1.      RECITALS

WHEREAS, on January 22, 2020, Marty Hinton ("Named Plaintiff"), joined a proposed class action in the United States District Court for the Eastern District of Virginia (the "Litigation") initially brought by Plaintiff Gennifer Townsley against Atlantic Union Bank ("Defendant" or "Atlantic Union"), alleging that Atlantic Union breached its contract with customers, including the covenant of good faith and fair dealing by, among other things, allegedly abusing the contractual discretion it granted to itself when it charged overdraft fees on debit card transactions that were authorized on sufficient, positive funds ("APPSN Transactions").   Atlantic Union and Ms. Townsley separately resolved the claims brought solely by Ms. Townsley.

On August 26, 2020, Named Plaintiff amended his Complaint to further allege that Atlantic Union violated the Electronic Funds Transfer Act ("EFTA") by allegedly failing to comply with the opt-in requirements of 12 C.F.R. § 1005.17, including allegedly failing to provide Atlantic Union customers with a valid description of its overdraft program that meets the strictures of 12 C.F.R. § 1005.17 and because Atlantic Union's opt-in methods fail to satisfy 12 C.F.R. § 1005.17 because they allegedly misrepresent Atlantic Union Bank's overdraft practices.

WHEREAS, along with other claims, the Named Plaintiff proposed a class claim on behalf of an "APPSN Class" alleging that Atlantic Union breached its contract with customers, including the covenant of good faith and fair dealing by allegedly abusing the contractual discretion it granted to itself when it charged overdraft fees on APPSN Transactions;

WHEREAS, Defendant denies each and every one of the allegations of wrongful conduct and damages made by the Named Plaintiff, and Defendant has asserted numerous defenses to Named Plaintiff's claims and disclaims any wrongdoing or liability whatsoever, and Defendant further denies that this matter satisfies the requirements to be tried as a class action under Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, this Settlement Agreement has been reached after the Parties exchanged discovery and documents, and information relevant to the Named Plaintiff's claims, and it is the product of sustained, arm's-length settlement negotiations and formal mediation;

WHEREAS, the Named Plaintiff and Defendant recognize that the outcome of this matter is uncertain, and that a final resolution through the litigation process would require protracted adversarial litigation and appeals; substantial risk and expense; the distraction and diversion of the Defendant's personnel and resources, and the expense of any possible future litigation raising similar or duplicative claims; and the Named Plaintiff, Defendant, and their counsel have agreed to resolve this matter as a class action settlement according to the terms of this Settlement Agreement; and

WHEREAS, the Parties believe that this Settlement Agreement is fair, reasonable, and adequate in its resolution of the claims brought because it: (1) provides for certification of a "Settlement Class," even though the Court has not yet determined whether that claim could properly be brought as a class action, and Defendant maintains that certification of any class for trial purposes would not be proper under Rule 23 of the Federal Rules of Civil Procedure; (2) provides for a monetary payment to the members of the Settlement Class; and (3) provides relief to the proposed settlement class in exchange for releases tailored to the specific claim made against the Defendant;

NOW, THEREFORE, without: (1) any admission or concession on the part of Named Plaintiff of the lack of merit of the Litigation whatsoever; or (2) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Defendant, it is hereby stipulated and agreed by the undersigned on behalf of the Named Plaintiff, the Settlement Class, and the Defendant that this matter and all claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice as to Defendant, subject to Court approval, as required by Rule 23 of the Federal Rules of Civil Procedure, on the terms and conditions set forth herein.

The recitals above are true and accurate and are a part of this Settlement Agreement.

## 2.   DEFINITIONS

For the purposes of this Settlement Agreement, including the recitals stated above, the following terms will have the following meanings:

**2.1**     "CAFA Notice" means notice of this settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described in Section 4.2.5.

**2.2**     "Class Counsel" means Patrick T. Fennell, Attorney at Law; Jeffrey Kaliel and Sophia Gold of KalielGold PLLC; Lynn A. Toops of Cohen & Malad, LLP; J. Gerard Stranch, IV of Branstetter, Stranch & Jennings, PLLC; and Christopher D. Jennings of The Johnson Firm, representing the Named Plaintiff, and if approved by the Court, the Settlement Class.

**2.3**     "Class List" or "List" means the list of class members of the Settlement Class that will be generated by Defendant and verified by Class Counsel, as further described in Section 4.2.1.

**2.4**     "Court" means the United States District Court for the Eastern District of Virginia where this Litigation is pending.

**2.5**     "Defendant" means Atlantic Union Bank.

**2.6**     "Effective Date" means the date on which all appellate rights with respect to the Final Judgment and Order have expired or have been exhausted in such a manner as to affirm the Final Judgment and Order, and when no further appeals are possible, including review by the United States Supreme Court.

**2.7**     "EFTA" means the Electronic Funds Transfers Act,  15 U.S.C. § 1693, *et seq.*, and its implementing Regulation E, 12 C.F.R. Part 1005.

**2.8**     "Escrow Account" means an interest-bearing account at a financial institution to be identified by Class Counsel and approved by Defendant in which the Settlement Fund shall be deposited.

**2.9**     "Final Approval Hearing" is the hearing the Court schedules to make a final determination as to whether this settlement is fair, reasonable, and adequate.

**2.10**     "Settlement Class" or "Settlement Class Members" means all persons who are members of the class defined in Section 4.1.1.

**2.11**     "Settlement Class Notice Plan" means the plan for providing notice of this settlement to the Settlement Class under Federal Rules of Civil Procedure, Rule 23(c)(2)(A) and (e)(1), as set forth in Section 4.2.

**2.12**     "Settlement Class Released Claims" means those Claims that the Settlement Class Members are releasing, as set forth in Section 4.4.

**2.13**     "Settlement Class Website" means the Internet website to be established by the Settlement Administrator, as part of the Settlement Class Notice Plan, as set forth in Section 4.2.4.

**2.14**     "Final Judgment" or "Final Judgment and Order" means a final judgment and order of dismissal entered by the Court in this Litigation, granting final approval of this Settlement Agreement (including Class Counsel's request for attorneys' fees, costs, and other expenses and

Named Plaintiff's request for a Service Award), and entering a judgment according to the terms in this Settlement Agreement.

2.15    "Litigation" means *Marty Hinton v. Atlantic Union Bank*, No. 3:20-cv-00651-JAG, pending in the United States District Court for the Eastern District of Virginia.

2.16    "Named Plaintiff" means Marty Hinton.

2.17    "Notice" means the notice (in a form substantially similar to that attached as **Exhibit A** and approved by the Court) that will be emailed or mailed to the Settlement Class, as further described in Section 4.2.3.

2.18    "Party" and "Parties" mean the Named Plaintiff, the Settlement Class, and the Defendant.

2.19    "Preliminary Approval" and "Preliminary Approval Order" mean the Court's order in the form attached hereto as **Exhibit B**, preliminarily approving the Settlement Class, preliminarily approving the proposed settlement, approving and directing the Settlement Class Notice Plan, appointing a Settlement Administrator, and appointing Class Counsel.

2.20    "Released Parties" means the Defendant and its parents, subsidiaries, affiliates, predecessors, successors, and assigns, as well as each of their present and former members, principals, partners, officers, directors, control persons, employees, insurers, shareholders, representatives, and attorneys.

2.21    "Service Award" means the one-time payment to the Named Plaintiff, for the time and resources that he has put into representing the Settlement Class, as set forth in Section 5.3.

2.22    "Settlement Administrator" means, subject to Court approval, Angeion Group, located at 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

2.23    "Settlement Agreement" means this Settlement Agreement and Release, including all attached Exhibits.

**2.24** "Settlement Fund" means the monetary relief which Defendant has agreed to provide for the benefit of the Settlement Class, as further described in Section 5.1.

## 3.     PRELIMINARY APPROVAL

### 3.1    Preliminary Approval Order

As soon as reasonably practicable, the Named Plaintiff shall file with the Court a Motion for Preliminary Approval of the Proposed Settlement; Conditional Certification of the Settlement Class, Appointment of Class Counsel; Approval and Direction of the Settlement Class Notice Plans; and Appointment of the Settlement Administrator.  The Motion shall seek entry of an Order that would, for settlement purposes only:

a)      preliminarily approve this Settlement Agreement;

b)      preliminarily certify a settlement class under Federal Rules of Civil Procedure, Rule 23(b)(3), composed of the Settlement Class Members;

c)      appoint the Named Plaintiff and Class Counsel to represent the Settlement Class;

d)      approve the proposed Settlement Class Notice Plan, including the form of Notice substantially similarly to that attached as **Exhibit A**; and

e)      appoint the Settlement Administrator.

### 3.2    Class Certified for Settlement Purposes Only

Defendant contends that this Litigation, and each of the respective classes alleged therein, could not be certified as a class action under Federal Rules of Civil Procedure, Rule 23, for trial purposes.  Nothing in this Settlement Agreement shall be construed as an admission by Defendant that this Litigation or any similar case is amenable to class certification for trial purposes.  To the contrary, Defendant and its affiliates believe that certification of the Settlement Class through a contested motion for class certification in the non-settlement context would be improper.

6

Furthermore, nothing in this Settlement Agreement shall prevent Defendant from opposing class certification or seeking de-certification of the conditionally-certified, tentative Settlement Class if final approval of this Settlement Agreement is not obtained, or not upheld on appeal, including review by the United States Supreme Court, for any reason, or if any of the conditions exist that permit Defendant to terminate this Settlement Agreement in accordance with Section 7.

## 4.    SETTLEMENT CLASS

### 4.1    Certification of Settlement Class

#### 4.1.1    Class Definition

For purposes of settlement only, and upon the express terms and conditions set forth in this Settlement Agreement, Named Plaintiff and Defendant agree to seek certification of a Settlement Class in the Litigation, which shall be defined as:

> All persons who hold an Atlantic Union checking account who, at any point from January 1, 2014 through July 1, 2021, were charged an overdraft fee on a debit card transaction that was approved on positive funds but later settled onto negative funds.

The Settlement Class does not include Defendant; Defendant's subsidiaries and affiliates; Defendant's officers, directors, and members of their immediate families; any entity in which Defendant has a controlling interest; and Defendant's attorneys, Named Plaintiff's attorneys, and any Judge overseeing or considering the approval of the Settlement together with members of their immediate family.

### 4.2    Settlement Class Notice Plan

#### 4.2.1    Class List of Settlement Class Members

No later than thirty days after the Preliminary Approval Order is entered, Defendant will provide Class Counsel with a proposed class list of Settlement Class Members, based on Defendant's review of the data and the transaction history for Atlantic Union customers.  Class

7

Counsel will have fourteen (14) days to either verify the accuracy of Defendant's list or bring to Defendant a list of individuals who should not be included in a class list.  The Parties are to negotiate in good faith to resolve any difference of opinion as to the composition of the class list. Once the Parties agree on the composition of the list, the list that both parties have verified will become the Class List.  The Class List will be provided to the Settlement Administrator, which will include the following information for each Settlement Class Member:

a)     the Settlement Class Member's name;

b)     the Settlement Class Member's last known postal address; and

c)     the Settlement Class Member's number of APPSN transaction(s).

The Named Plaintiff, Class Counsel, and Settlement Class hereby acknowledge and agree that Defendant is providing this information to Class Counsel and the Settlement Administrator solely for the purpose of effecting the terms of this Settlement Agreement, and that such information shall not be used, disseminated, or disclosed by or to any other person for any other purpose.  If the settlement is terminated for any of the reasons identified in Section 7, the Named Plaintiff and Class Counsel shall immediately destroy any and all copies of the information referenced in this Section and any materials the Named Plaintiff or Class Counsel gathered in connection with the lists referenced above.   The provisions regarding the compilation and treatment of the lists referenced above are material terms of this Settlement Agreement.

### 4.2.2   Court Appointment and Retention of Settlement Administrator

At the Preliminary Approval hearing, the Parties will propose that the Court appoint the Settlement Administrator, as defined above.  The Settlement Administrator's responsibilities shall include, but are not limited to, giving notice, obtaining new addresses for returned mail, setting up and maintaining a Settlement Website and toll-free telephone number, fielding inquiries about the Settlement Agreement, directing the mailing of payments to Settlement Class Members, any other

8

tasks reasonably required to effectuate Settlement.  The Settlement Administrator will provide monthly updates on the status of disbursements and cashed checks to counsel for the Parties.

### 4.2.3    Settlement Class Notice

Named Plaintiff, Defendant, and the Settlement Administrator have agreed that they will jointly recommend the Notice, substantially in the form attached as **Exhibit A**, to the Court for approval.   Within seventy-five (75) days after the Court enters Preliminary Approval, the Settlement Administrator will send the Postcard Notice via U.S. mail postcard, postage prepaid also requesting either forwarding service or change service to the last known address reflected in the Class List.  Prior to mailing, the Settlement Administrator shall utilize the U.S. Postal Office's National Change of Address System.  The Long-Form Notice shall be made available to Settlement Class Members on the Settlement Website.

For up to forty-five (45) days following the mailing of the Notice via U.S. Mail (if applicable), the Settlement Administrator will re-mail the Notice via standard U.S. Mail, postage prepaid, to those Settlement Class Members whose notices were returned as undeliverable to the extent an alternative mailing address can be reasonably located.  The Settlement Administrator will first attempt to re-mail the Notice to the extent that it received an address change notification from the U.S. Postal Service.  If an address change notification form is not provided by the U.S. Postal Service, the Settlement Administrator may attempt to obtain an updated address using reasonable and appropriate methods to locate an updated address.

No later than forty-five (45) days before the Final Approval Hearing, the Settlement Administrator shall provide proof of the mailing of the Notice to Defendant and Class Counsel. Neither the Parties nor the Settlement Administrator will have any further obligation to send notice of the settlement to the Settlement Class Members.

### 4.2.4   Settlement Website

The Settlement Administrator also will create and maintain the Settlement Class Website to be activated no later than five (5) days prior to the mailing of the Notice described above.  The Settlement Administrator's responsibilities will also include securing an appropriate URL, such as http://www.appsnsettlement.com.   Before procuring an appropriate URL, the Settlement Administrator must first obtain approval of the URL from both Class Counsel and Defendant.  The Settlement Class Website will post important settlement documents, such as the Long Form Notice, the operative Complaint, the Notice, the Settlement Agreement, and the Preliminary Approval Order.  In addition, the Settlement Class Website will include a Claim Form that can be submitted electronically, a section for frequently-asked questions, and procedural information regarding the status of the Court-approval process, such as an announcement when the Final Approval Hearing is scheduled, when the Final Judgment and Order has been entered, when the Effective Date is expected or has been reached, and when payment will likely be mailed.

The Settlement Administrator will terminate the Settlement Class Website either: (1) three hundred and sixty (360) days after the Effective Date; or (2) thirty (30) days after the date on which the settlement is terminated or otherwise not approved by the Court.

### 4.2.5   CAFA Notice

The Parties agree that the Defendant shall serve notice of the settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal, state and territorial officials not later than ten (10) days after the filing of this Settlement Agreement with the Court.

### 4.2.6   Costs and Expenses

All costs and expenses associated with the delivery of Notice and administration of the Settlement shall be paid by Defendant, separate and apart from the Settlement Fund.  Within seven (7) days after Preliminary Approval, Defendant will advance to the Settlement Administrator funds

necessary to effectuate the Settlement Class Notice Plan.  With the exception of the CAFA Notice and this advance, all other costs and expenses associated with the Settlement Class Notice Plan shall be paid by Defendant.

### 4.3     Settlement Consideration

#### 4.3.1   Settlement Class Monetary Relief

Defendant agrees to pay into a settlement fund to be created and maintained by the Settlement Administrator, the amount of $1,600,000.00.  The Settlement Fund will be used to pay the claims of the Settlement Class Members under this Agreement, any Service Award to the Class Representative, and any Fee Award to Class Counsel.

##### 4.3.1.1     Automatic Payments to Settlement Class Members

Each Settlement Class Member is entitled to a *pro rata* portion of the total amount in the Settlement Fund.  Distributions shall be made pursuant to the Payment Schedule set forth at Section 5.3.1.

#### 4.3.2   Prospective Relief

Defendant agrees, within ninety (90) days of the Effective Date, to update and re-issue its terms and conditions for its consumer accounts with debit cards where the consumer has opted-in to the Defendant's overdraft privilege product (the "APPSN Transaction Accounts").  Such reissued terms and conditions will contain additional disclosures that inform the applicable accountholders of Defendant's practices with respect to the assessment of overdraft fees on APPSN Transactions.

### 4.4     Settlement Class Release

#### 4.4.1   Release of All Claims

Upon the Effective Date, each member of the Settlement Class who has not validly excluded himself or herself, on behalf of themselves and their respective spouses, heirs, executors,

administrators, representatives, agents, attorneys, partners, successors, predecessors, assigns, and all those acting or purporting to act on their behalf, acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally, and forever settled, released, and discharged all the Released Parties of and from all claims, rights, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever arising before the Effective Date whether known or unknown, matured or unmatured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued which he or she ever had or now has, arising out of, or regarding the imposition or payment of overdraft fees on a debit card transaction that was approved on positive funds but later settled onto negative funds, the alleged failure to receive a valid description of Atlantic Union's overdraft program, or assessing overdraft fees without obtaining affirmative consent to do so (the "Settlement Class Released Claims").

Subject to the Court's approval, the Settlement Class Members shall be bound by this Settlement Agreement and all of their Settlement Class Released Claims shall be dismissed with prejudice and released as against the Released Parties, even if the Settlement Class Member never received actual notice of the settlement prior to Final Approval Hearing.

### 4.4.2   Waiver of Unknown Claims; General Release

Plaintiff acknowledges he is aware that he may hereafter discover facts in addition to or different from those that he or Class Counsel now know or believe to be true with respect to the subject matter of this Litigation and the Settlement Class Released Claims, but it is his intention to, and they do upon the Effective Date of this Settlement Agreement, fully, finally, and forever settle and release any and all Settlement Class Released Claims, without regard to the subsequent discovery or existence of such different additional facts, whether known or unknown.  Plaintiff and Class Counsel understand and acknowledge the significance of this waiver and/or of any other

applicable federal or state law relating to limitations on releases with respect to the Settlement Class Released Claims.

### 4.4.3   Binding Release

Upon the Effective Date, no default by any person in the performance of any covenant or obligation under this Settlement Agreement or any order entered in connection with such shall affect the dismissal of the Litigation, the *res judicata* effect of the Final Judgment and Order, the foregoing releases, or any other provision of the Final Judgment and Order; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Settlement Agreement shall remain available to all Parties.

### 4.4.4   Opt-Out from Settlement Class

#### 4.4.4.1   Requests for Exclusion

All Settlement Class Members shall be given the opportunity to opt out of the Settlement Class by submitting a "Request for Exclusion."  All Requests for Exclusion must be in writing, sent to the Settlement Administrator and postmarked no later than sixty (60) days after Notice is provided pursuant to Section 4.2.3.  To be valid, a Request for Exclusion must be personally signed and must include: (1) the individual's name, address and telephone number; and (2) a statement substantially to the effect that: "I request to be excluded from the Settlement Class in *Marty Hinton v. Atlantic Union Bank*, No. 3:20-cv-651-JAG, United States District Court, Eastern District of Virginia."

Notwithstanding the foregoing, no person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion of any other person within the Settlement Class.

#### 4.4.4.2   Verification of Opt-Outs by Settlement Administrator

13

The Settlement Administrator shall provide copies of the Requests for Exclusion to the Parties no later than three days after they are received by the Settlement Administrator. No later than fourteen days before the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel, who shall file it with the Court, a declaration verifying that notice has been provided to the Settlement Class as set forth herein and listing all of the valid opt-outs received.

### 4.4.4.3    Effect of Opt-Out from Settlement Class

All individuals within the Settlement Class who timely submit a valid Request for Exclusion will, subject to Court approval, exclude themselves from the Settlement Class and preserve their ability to independently pursue, at their own expense, any individual claims he or she claims to have against Defendant. Any such individual within the Settlement Class who so opts out will not be bound by further orders or judgments in the Litigation as they relate to the Settlement Class.

### 4.4.4.4    Objections from Settlement Class Members

Any Settlement Class Member who has not previously opted-out in accordance with the terms above and who intends to object to this Settlement Agreement send the objection to the Settlement Administrator no later than sixty (60) days after Notice is provided pursuant to Section 4.2.3. The objection must include the following: (1) the Settlement Class Member's full name, address and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of counsel; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (4) the identity of any witnesses the objector may call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct of copies of such exhibits; and (6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without

14

counsel.

Any Settlement Class Member who fails to timely file and serve a written objection pursuant to this Paragraph shall not be permitted to object to the approval of the settlement or this Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

## 5.   SETTLEMENT FUND

### 5.1   Settlement Fund

Within fifteen (15) days after the entry of the Preliminary Approval Order, Defendant agrees to fund the Settlement Fund in the total amount of ONE MILLION SIX HUNDRED THOUSAND DOLLARS ($1,600,000.00).  Defendant shall deposit this amount in the Escrow Account.  This funding from Defendant includes all potential amounts awarded by the Court as the total monetary consideration to the Settlement Class, inclusive of any and all payment of attorneys' fees, Service Award, costs, but does not include Settlement administrative fees, notice expenses, and any other expenses described herein.  Defendant shall not be ordered or required to pay any other award or any other fees, costs, or expenses aside from the Settlement Fund as provided for herein, except regarding the CAFA notice and costs of administration described in Sections 4.2.5 and 4.2.6.  Aside from costs for the CAFA notice and costs of notice and administration, in no event shall Defendant be required to pay more than ONE MILLION SIX HUNDRED THOUSAND DOLLARS ($1,600,000.00) in connection with the settlement of this Litigation.

### 5.2   Settlement Fund Tax Status

**5.2.1**   The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out

the provisions of this Subsection, including the "relation back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

      **5.2.2**   For the purpose of Treasury Regulation § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator.  The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns shall be consistent with this Subsection and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the respective settlement fund as provided herein.

      **5.2.3**   All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund do not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this Subsection (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns ("Tax Expenses")), shall be paid out of the respective settlement fund for which the income was earned or expense or cost incurred; in no event shall the Released Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  The Settlement Administrator shall indemnify and hold the Released Parties

16

harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order from the Court, and the Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)); the Released Parties are not responsible therefore nor shall they have any liability with respect thereto. The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out this Section.

     **5.3**      **Attorneys' Fees, Service Award, Costs, and Other Expenses**

No later than forty-five (45) days after Notice is provided pursuant to Section 4.2.3, Class Counsel shall make an application to the Court for an award of attorneys' fees, costs, and other expenses for their representation of the Settlement Class. This application will be posted to the Settlement Website within one day of filing with the Court. The amount that will be requested by Class Counsel shall be no greater than 33 and 1/3% of the value of the settlement, inclusive of the common fund payment and notice and administration expenses paid by Defendant. Class Counsel's application shall also request that the Court specifically approve all of the terms of this Section.

Defendant agrees not to oppose or object to the application by Class Counsel for attorneys' fees, costs, and other expenses in an amount to be paid exclusively from the Settlement Fund under the terms of the preceding paragraph. The award shall include all fees, costs, and other expenses for all attorneys (and their employees, consultants, experts, and other agents) who performed work in connection with the Litigation of the claims on behalf of the Settlement Class Members.

No later than forty-five (45) days after Notice is provided pursuant to Section 4.2.3, the Named Plaintiff shall make an application to the Court for the Court's approval of a Service Award of $7,500 to be paid from the Settlement Fund.  Defendant agrees not to oppose a Service Award of $7,500 for the Named Plaintiff to be paid from the Settlement Fund.

To the extent the Court approves an award of attorneys' fees or Service Award in an amount less than the requested amount, the difference shall be added to the Settlement Fund to be used for the benefit of the Settlement Class Members and added to the Claim Fund.

The application for attorneys' fees, and any and all matters related thereto shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement Agreement.  The Named Plaintiff and Class Counsel agree that this Settlement Agreement is not conditional on the Court's approval of attorneys' fees in the requested amount or in any amount whatsoever.  The Court's ruling on the application or applications for such fees shall not operate to terminate or cancel the Settlement Agreement.

### 5.3.1    Payment Schedule

Attorneys' fees and costs, subject to Court approval, shall be paid in the amount approved by the Court within five (5) days after the any order approving attorneys' fees and expenses by the Court.  In the event that the Effective Date does not occur but the payments of attorney's fees and costs have occurred, then Class Counsel agrees to refund such payments to Defendant.  The Service Award, subject to Court approval, shall be paid in the amount approved by the Court within the later of: (1) five (5) days after the Effective Date; or (2) fourteen (14) days after receipt by the Settlement Administrator of the Named Plaintiff's completed W-9 form.

For those Settlement Class Members who are current customers of Atlantic Union, Atlantic Union shall have discretion to provide, within thirty (30) days after the Effective Date, payment via a direct credit to respective Settlement Class Members' checking accounts.

18

Within thirty (30) days after the Effective Date, the Settlement Administrator shall mail payments out of the Settlement Class Fund to each Settlement Class Member who is no longer a customer of Atlantic Union or for whom Atlantic Union did not provide a direct credit (the "direct credits"), via U.S. mail to the last known address reflected in the Class List or the updated address previously used during the Settlement Class Notice Plan set forth in Section 4.2.3.  Payments and direct credits shall be calculated as follows on a pro rata basis, based on the amount of relevant fees paid by the Class Member, which will be established by the Settlement Administrator after receiving all information necessary for the calculation including receiving the amount of relevant fees at issue in this lawsuit paid by each Class Member from Defendant, identification of opt outs, the amounts of attorney's fees and costs awarded to Class Counsel as well as the amount of the Service Award. The following formula will determine each Class Member's distribution:

$$\text{Class Member's Pro Rata \%} = \frac{\text{Relevant Fee Amounts Paid by That Class Member}}{\text{Total of Relevant Fee Amounts Paid by All Class Members}}$$

$$\text{Class Member's Distribution} = \text{Class Member's Pro Rata \%} \times \text{Net Settlement Fund}$$

The payment notices accompanying the payment check shall notify the recipients that the checks must be cashed within one hundred eighty (180) days from the date on enclosed check and that the enclosed check shall not be valid after that date.

Any checks that are not cashed within one hundred eighty (180) days of mailing (or any checks that were undeliverable) shall revert to the Escrow Account.  These remaining funds shall be paid to a non-profit entity agreed upon by the Parties and approved by the Court, as a *cy pres* award.

The Settlement Administrator shall remit to the Defendant from the Settlement Fund an amount equal to the sums of direct credits provided to Class Members within 60 days after payment to Class Members.

19

## 6.   **ENTRY OF FINAL JUDGMENT AND ORDER**

The Parties shall jointly seek entry by the Court of a Final Judgment and Order containing standard terms, including the following provisions (among others):

a)   granting final approval of this Settlement Agreement, and directing its implementation pursuant to its terms and conditions;

b)   ruling on Class Counsel's applications for attorneys' fees, costs, and other expenses;

c)   discharging and releasing the Released Parties, and each of them, from the Settlement Class Released Claims, as provided in Section 4.4;

d)   permanently barring and enjoining all Settlement Class Members from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Settlement Class Released Claims;

e)   directing that the Litigation be dismissed with prejudice and without costs;

f)   stating pursuant to Federal Rules of Civil Procedure, Rule 54(b) that there is no just reason for delay and directing that the Final Judgment and Order is a final, appealable order; and

g)   reserving to the Court continuing and exclusive jurisdiction over the Parties with respect to the Settlement Agreement and the Final Judgment and Order as provided in Section 8.3.

## 7.   **TERMINATION**

Defendant's willingness to settle this Litigation on a class action basis and to agree to the accompanying preliminary certification of the Settlement Class is dependent upon achieving finality in this Litigation and the desire to avoid the expense of this and other litigation. Consequently, Defendant has the right to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to the Named Plaintiff or to members of the Settlement Class if any of the following conditions subsequent occurs:

a)      the Parties fail to obtain and maintain Preliminary Approval consistent with the provisions of this Settlement Agreement;

b)      more than 2% of the Settlement Class opt out of the proposed settlement;

c)      the Court fails to enter a Final Judgment and Order consistent with the provisions of this Settlement Agreement;

d)      the settlement of the Settlement Class claims, or the Final Judgment and Order, is not upheld on appeal, including review by the United States Supreme Court;

e)      the Named Plaintiff or Class Counsel commit a material breach of the Settlement Agreement before entry of the Final Judgment and Order; or

f)      the Effective Date does not occur for any reason, including but not limited to the entry of an order by any court that would require either material modification or termination of the Settlement Agreement.

The failure of the Court or any appellate court to approve in full the request by Class Counsel for attorneys' fees, costs, and other expenses shall not be grounds for the Named Plaintiff, the Settlement Class, or Class Counsel to cancel or terminate this Settlement Agreement.  The failure of the Court or any appellate court to approve in full the request of the Named Plaintiff for his Service Award shall not be grounds for the Named Plaintiff, the Settlement Class, or Class Counsel to cancel or terminate this Settlement Agreement.

If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or

proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

## 8.    <u>MISCELLANEOUS PROVISIONS</u>

### 8.1    <u>Best Efforts to Obtain Court Approval</u>

Named Plaintiff and Defendant, and the Parties' counsel, agree to use their best efforts to obtain Court approval of this Settlement Agreement, subject, however, to Defendant's rights to terminate the Settlement Agreement, as provided herein.

### 8.2    <u>No Admission</u>

This Settlement Agreement, whether or not it shall become final, and any and all negotiations, communications, and discussions associated with it, shall not be:

a)    offered or received by or against any Party as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the truth of any fact alleged by Named Plaintiff or defense asserted by Defendant, of the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing on the part of Named Plaintiff or Defendant;

b)    offered or received by or against Named Plaintiff or Defendant as a presumption, concession, admission, or evidence of any breach of contract under Virginia law or of a violation of the Electronic Funds Transfers Act, or any state or federal statute, law, rule, or regulation or of any liability or wrongdoing by Defendant, or of the truth of any of the allegations in the Litigation, and evidence thereof shall not be directly or indirectly admissible, in any way, (whether in the Litigation or in any other action or proceeding), except for purposes of enforcing this Settlement Agreement and the Final Judgment and Order including, without limitation, asserting as a defense the release and waivers provided herein;

22

c)      offered or received by or against Named Plaintiff or Defendant as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendant, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if this Settlement Agreement is finally approved by the Court, then Named Plaintiff or Defendant may refer to it to enforce their rights hereunder; or

d)      construed as an admission or concession by Named Plaintiff, the Settlement Class, or Defendant that the consideration to be given hereunder represents the relief that could or would have been obtained through trial in the Litigation.

### 8.3    Court's Jurisdiction

The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement.  The Court also shall retain exclusive jurisdiction over any determination of whether a subsequent suit is released by the Settlement Agreement.

### 8.4    Settlement Notices

Except for the Settlement Class Notice Plan, as provided for in Section 4.2 above, all other notices or formal communications under this Settlement Agreement shall be in writing and shall be given: (1) by hand delivery; (2) by registered or certified mail, return receipt requested, postage pre-paid; or (3) by overnight courier to counsel for the Party to whom notice is directed at the following addresses:

For the Named Plaintiff and the Settlement Class:

Patrick T. Fennell
Patrick Fennell, Attorney at Law, P.C.
PO Box 12325

23

Roanoke, VA 24024

Jeffrey Kaliel
Sophia Gold
KalielGold PLLC
1100 15th St. NW, 4th Fl.
Washington, D.C. 20005

Lynn A. Toops
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204

For Defendant:

Alan D. Wingfield
Brooke K. Conkle
Elizabeth M. Briones
Troutman Pepper Hamilton Sanders LLP
1001 Haxall Point
Richmond, VA  23219

Counsel may designate a change of the person to receive notice or a change of address, from time to time, by giving notice to all Parties in the manner described in this Section.

### 8.5   **Confidentiality of Discovery Materials and Information**

The Parties, their counsel, and any retained or consulting experts in this Litigation, agree that they remain subject to the Court's Stipulated Protective Order, as appropriate.

### 8.6   **Complete Agreement**

This Settlement Agreement is the entire, complete agreement of each and every term agreed to by and among Named Plaintiff, the Settlement Class, and their counsel.  In entering into this Settlement Agreement, no Party has made or relied on any warranty or representation not

specifically set forth herein.  This Settlement Agreement shall not be modified except by a writing executed by all the Parties.

### 8.7     Headings for Convenience Only

The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

### 8.8     Severability

In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, with the exception of release in Section 4.4, this Agreement shall continue in full force and effect without said provision to the extent Defendant does not exercise its right to terminate under Section 7.

### 8.9     No Party Is the Drafter

None of the Parties to this Settlement Agreement shall be considered to be the primary drafter of this Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

### 8.10    Binding Effect

This Settlement Agreement shall be binding according to its terms upon, and inure to the benefit of, the Named Plaintiff, the Settlement Class, the Defendant, the Released Parties, and their respective successors and assigns.

### 8.11    Authorization to Enter Settlement Agreement

The individual signing this Settlement Agreement on behalf of the Defendant represents that he or she is fully authorized by the Defendant to enter into, and to execute, this Settlement Agreement on its behalf.  Class Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for Defendant on behalf of Named Plaintiff, and to enter into, and to execute, this Settlement Agreement on behalf of the Settlement Class, subject to Court

approval pursuant to Federal Rules of Civil Procedure, Rule 23(e).  The Named Plaintiff enters

into and executes this Settlement Agreement on behalf of himself, and as a representative of and

on behalf of the Settlement Class, subject to Court approval pursuant to Federal Rules of Civil

Procedure, Rule 23(e).

### 8.12    Execution in Counterparts

Named Plaintiff, Class Counsel, Defendant, and Defendant's counsel may execute this

Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect

as if all Parties had signed the same instrument.  Facsimile, electronic and scanned signatures shall

be considered as valid signatures as of the date signed, although the original signature pages shall

thereafter be appended to the Settlement Agreement.  This Settlement Agreement shall not be

deemed executed until signed by all Named Plaintiff, by all Class Counsel, and by counsel for and

representatives of Defendant.

**Named Plaintiff:**

DocuSigned by:

*Marty Hinton*

6D78D28CDA034B3...

Marty Hinton

**Defendant**

Atlantic Union Bank

Name: _____

Title: _____

approval pursuant to Federal Rules of Civil Procedure, Rule 23(e). The Named Plaintiff enters into and executes this Settlement Agreement on behalf of himself, and as a representative of and on behalf of the Settlement Class, subject to Court approval pursuant to Federal Rules of Civil Procedure, Rule 23(e).

### 8.12   Execution in Counterparts

Named Plaintiff, Class Counsel, Defendant, and Defendant's counsel may execute this Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all Parties had signed the same instrument. Facsimile, electronic and scanned signatures shall be considered as valid signatures as of the date signed, although the original signature pages shall thereafter be appended to the Settlement Agreement. This Settlement Agreement shall not be deemed executed until signed by all Named Plaintiff, by all Class Counsel, and by counsel for and representatives of Defendant.

**Named Plaintiff:**                          **Defendant**

_____          _____

Marty Hinton                                 Atlantic Union Bank

                                             Name:  Rachael R. Lape

                                             Title:  General Counsel

**Counsel for Named Plaintiff and the Settlement Class:**

Patrick T. Fennell (VSB 40393)
Patrick Fennell, Attorney at Law, P.C.
PO Box 12325
Roanoke, VA 24024
Tel: 540-339-3889
patrick@fmtrials.com

Jeffrey Kaliel
Sophia Gold
Kaliel PLLC
1875 Connecticut Ave. NW 10th Floor
Washington, D.C. 20009
Tel: (202) 350-4783
jkaliel@kalielpllc.com
sgold@kalielpllc.com

Lynn A. Toops
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
ltoops@cohenandmalad.com

J. Gerard Stranch, IV
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gerards@bsjfirm.com

Christopher D. Jennings
The Johnson Firm
610 President Clinton Ave., Suite 300
Little Rock, AR 72201
Tel: (501) 372-1300
chris@yourattorney.com

**Counsel for Defendant**

Alan D. Wingfield (VSB No. 27489)
Brooke K. Conkle (VSB No. 87413)
Elizabeth M. Briones (VSB No. 92130)
Troutman Pepper Hamilton Sanders LLP
1001 Haxall Point
Richmond, VA  23219
Telephone: (804) 697-1200
Facsimile: (804) 698-1339
Email: alan.wingfield@troutman.com
Email: brooke.conkle@troutman.com
Email: elizabeth.briones@troutman.com

# EXHIBIT A

<span style="text-transform:uppercase">Legal Notice</span>

**If you had an account with Atlantic Union Bank and you were charged an overdraft fee, you may be entitled to a payment from a class action settlement.**

**1-___-___-____**
**www._____.com**

<<Barcode>>

Postal Service: Please do not mark barcode

<<First1>> <<Last1>>
<<CO>>
<<Addr2>>
<<Addr1>>
<<City>>, <<St>>  <<Zip>>
<<Country>>

A settlement has been reached with Atlantic Union Bank ("Defendant") in a class action lawsuit about overdraft fees ("OD Fees") charged on accounts from January 1, 2014 through July 1, 2021.

**Who is included?** Defendant's records indicate that you are a Settlement Class Member in this Settlement because you were charged an OD fee on a debit card transaction that was authorized on a positive account balance, but settled when the balance was negative. Specifically, Settlement Class Members are: All persons who hold an Atlantic Union account who, at any point from January 1, 2014 through July 1, 2021, were charged an overdraft fee on a debit card transaction that was approved on positive funds but later settled onto negative funds.

**What does the Settlement provide?** Defendant will create a $1,600,000 Settlement Fund. After deducting attorneys' fees and costs and service award to the Named Plaintiff, the balance of the Settlement Fund will be divided among all Class Members proportionately based on the amount of challenged OD fees charged. In addition, Defendant is implementing changes to its disclosures and will pay the costs of notice and administration separately.

**What are my options?** If you do nothing and the settlement is approved and becomes final, you will automatically receive a check and your rights will be affected. If you do not want to be legally bound by the settlement or receive an account credit or check, you must exclude yourself from it by **[Date]**. Unless you exclude yourself, you will not be able to sue or continue to sue Defendant for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (do not exclude yourself), you may object to it by [**Date].**

**The Court's Fairness Hearing.** The Eastern District of Virginia, located at 701 East Broad Street, Richmond, VA 23219, will hold a hearing in this case (*Hinton v. Atlantic Union Bank*) on _____ at _____. At this hearing, the Court will decide whether to approve: (1) the settlement; (2) Class Counsel's request for attorneys' fees (up to 33 1/3% of the Settlement Fund) and costs; and (3) a $7,500 service award to the Named Plaintiff. You or your lawyer may appear at the hearing at your own expense, but you don't have to.

**More information, including the Long Form Notice and Settlement Agreement are available at www._____.com or by calling 1-___-___-____.**

# Exhibit 2

Hinton
v.
Atlantic Union Bank

### NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT

### READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS!

### IF YOU HAD AN ACCOUNT WITH ATLANTIC UNION BANK ("DEFENDANT") AND YOU WERE CHARGED AN OVERDRAFT FEE BETWEEN JANUARY 1, 2014, AND JULY 1, 2021, THEN YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT

The Eastern District of Virginia has authorized this Notice; it is not a solicitation from a lawyer.

| SUMMARY OF YOUR OPTIONS AND THE LEGAL EFFECT OF EACH OPTION | |
|---|---|
| **DO NOTHING** | If you have been assessed the type Overdraft Fee that is being challenged in this case, then you will receive a payment from the Settlement Fund so long as you do not exclude yourself (described in the next box). |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT; RECEIVE NO PAYMENT BUT RELEASE NO CLAIMS** | You can choose to exclude yourself from the settlement or "opt out." This means you choose not to participate in the settlement. You will keep your individual claims against Defendant, but you will not receive a payment. If you want to recover against Defendant, then you will have to file a separate lawsuit or claim. |
| **OBJECT TO THE SETTLEMENT** | You can file an objection with the Settlement Administrator explaining why you believe the Court should reject the settlement. If your objection is overruled by the Court, you <u>will</u> receive a payment and you <u>will not</u> be able to sue Defendant for the claims asserted in this litigation. If the Court agrees with your objection, then the settlement may not be approved. |

These rights and options – ***and the deadlines to exercise them*** – along with the material terms of the settlement are explained in this Notice.

3

## BASIC INFORMATION

| 1. | What is this lawsuit about? |
|---|---|

The lawsuit that is being settled is entitled *Hinton v. Atlantic Union Bank.*  The case is a "class action." That means that the "Named Plaintiff," Marty Hinton, is an individual who is acting on behalf of a group that includes all customers of Defendant who were charged an OD fee on their accounts for a debit card that was authorized on a positive balance, but settled on a negative balance, from January 1, 2014 through July 1, 2021.  The persons in this group are collectively called the "Settlement Class Members."

The Named Plaintiff claims he was improperly charged Overdraft Fees.  Defendant does not deny that it assessed the Named Plaintiff Overdraft Fees, but denies that its practices give rise to claims for damages by the Named Plaintiff or any Class Member. Defendant specifically maintains that it properly and lawfully assessed all fees in accordance with the terms of its agreements, disclosure, and applicable law.

| 2. | Why did the parties settle? |
|---|---|

In any lawsuit, there are risks and potential benefits that come with a trial versus settling at an earlier stage. It is the Named Plaintiff's lawyers' job to identify when a proposed settlement offer is good enough that it justifies recommending settling the case instead of continuing to trial. In a class action, these lawyers, known as Class Counsel, make this recommendation to the Named Plaintiff. The Named Plaintiff has the duty to act in the best interests of the class as a whole and, in this case, it is his belief, as well as Class Counsel's opinion, that this settlement is in the best interest of all Settlement Class Members for at least the following reasons:

There is legal uncertainty about whether the Court (or eventually a trial court judge or a jury) will find that Defendant breached its agreements with customers or otherwise acted improperly by assessing the Overdraft Fees that are the subject of this case.  There also is uncertainty about whether the Named Plaintiff's claims are subject to other defenses that might result in no recovery or less recovery to Class Members. Even if the Named Plaintiff were to win at trial, there is no assurance that the Class Members would be awarded more than the current settlement amount, and it may take years of litigation before any payments would be made. By settling, the Class Members will avoid these and other risks and the delays associated with continued litigation.

Although Defendant disputes Plaintiff's claims, it has agreed to settle to avoid the costs, distractions and risks of further litigation. Thus, even though Defendant denies that it did anything improper, it believes settlement is in its best interest and in the best interests of all of its customers.

## WHO IS IN THE SETTLEMENT

| 3. | How do I know if I am part of the Settlement? |
|---|---|

If you received a notice in the mail, then Defendant's records indicate that you are a Class Member who is entitled to receive a payment or credit to your account.

## YOUR OPTIONS

| **4.      What options do I have with respect to the Settlement?** |
|---|

You have three options: (1) do nothing and you will receive a payment according to the terms of this settlement; (2) exclude yourself from the settlement ("opt out" of it); or (3) participate in the settlement but object to it. Each of these options is described in a separate section below.

| **5.      What are the critical deadlines?** |
|---|

If you do nothing, you will receive settlement funds by credit to your account if you are still a customer of Defendant when the settlement is paid or via check mailed to your residence of record if you are not a customer of Defendant when the settlement is paid at the close of the claims period.

The deadline for sending a letter to exclude yourself from or opt out of the settlement is _____.

The deadline to file an objection with the Court is also _____.

| **6.      How do I decide which option to choose?** |
|---|

If you do not like the settlement and you believe that you could receive more money by pursuing your claims on your own (with or without an attorney that you could hire) and you are comfortable with the risk that you might lose your case or get less than you would in this settlement, then you may want to consider opting out.

If you believe the settlement is unreasonable, unfair, or inadequate and the Court should reject the settlement, you can object to the settlement terms. The Court will decide if your objection is valid. If the Court agrees, then the settlement will not be approved and no payments will be made to you or any other Class Member. If your objection (and any other objection) is overruled, and the settlement is approved, then you will still get a payment.

| **7.      What has to happen for the settlement to be approved?** |
|---|

The Court has to decide that the settlement is fair, reasonable, and adequate before it will approve it. The Court already has decided to provide preliminary approval of the settlement, which authorized this Notice. The Court will make a final decision regarding the settlement at a "Fairness Hearing" or "Final Approval Hearing," which is currently scheduled for _____.

## THE SETTLEMENT PAYMENT

| **8.      How much is the settlement?** |
|---|

Defendant has agreed to create a Settlement Fund of $1,600,000.00. As discussed separately below, attorneys' fees, litigation costs and a service award to the Named Plaintiff, will be paid out of this amount. The balance of the Settlement Fund will be divided among all Class Members proportionally.  Additionally, as a result of this lawsuit, Defendant has implemented changes to its disclosures that clarify Defendant's Overdraft Fee practices and will pay the costs of notice and administration separately.

| **9.      How much of the settlement fund will be used to pay for attorney fees and costs?** |
|---|

Class Counsel will request that the Court award up to one-third (33-1/3%) of the value of the settlement as attorneys' fees plus reimbursement litigation costs incurred in prosecuting the case.

The Court will decide the amount of the attorneys' fees based on a number of factors, including the risk associated with bringing the case, the amount of time spent on the case, the amount of costs incurred to prosecute the case, the quality of the work, and the outcome of the case.

| 10. | How much of the settlement fund will be used to pay the Named Plaintiffs a Service Award? |
|---|---|

Class Counsel on behalf of the Named Plaintiff will request that the Court award him up to $7,500 for his role in securing this settlement on behalf of the class. The Court will decide if a Service Award is appropriate and if so, the amount of the award.

| 11. | How much will my payment be? |
|---|---|

The balance of the Settlement Fund will be divided among all Class Members proportionally to the amount of OD charges assessed to the Class Members accounts.  Class Members will receive a check or direct deposit for the amount they are entitled to receive from the Settlement Administrator.

| 12. | Do I have to do anything if I want to participate in the settlement? |
|---|---|

No. Any amount you are entitled to under the terms of the settlement will be distributed to you unless you choose to exclude yourself from the settlement, or "opt out." Excluding yourself from the settlement means you choose not to participate in the settlement. You will keep your individual claims against Defendant, but you will not receive a payment. In that case, if you choose to seek recovery against Defendant, then you will have to file a separate lawsuit or claim.

| 13. | When will I receive my payment? |
|---|---|

The Court will hold a Fairness Hearing (explained below in Questions 20-22) on _____ to consider whether the settlement should be approved. If there are no objections and the Court approves the settlement, then the Settlement Administrator should begin paying claims within approximately forty days of the Court's approval. However, if someone objects to the settlement, and the objection is sustained, then there is no settlement.  Even if all objections are overruled and the Court approves the settlement, an objector could appeal, and it might take months or even years to have the appeal resolved, which would delay any payment.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 14. | How do I exclude myself from the settlement? |
|---|---|

If you do not want to receive a payment, or if you want to keep any right you may have to sue Defendant for the claims alleged in this lawsuit, then you must exclude yourself, or "opt out."

To opt out, you **must** send a letter to the Settlement Administrator that you want to be excluded. Your letter can simply say "I hereby elect to be excluded from the settlement in the *Hinton v. Atlantic Union Bank* class action." Be sure to include your name, the last four digits of your account number (current or former) or Social Security Number, address, telephone number, and email address. Your exclusion or opt out request must be postmarked by _____, and sent to:

Hinton v. Atlantic Union Bank
[ADDRESS]

| 15. | **What happens if I opt out of the settlement?** |
|-----|--------------------------------------------------|

If you opt out of the settlement, you will preserve and not give up any of your rights to sue Defendant for the claims alleged in this case. However, you will not be entitled to receive a payment from this settlement.

| 16. | **If I exclude myself, can I obtain a payment?** |
|-----|--------------------------------------------------|

No. If you exclude yourself, you will not be entitled to a payment.

## OBJECTING TO THE SETTLEMENT

| 17. | **How do I notify the Court that I do not like the settlement?** |
|-----|------------------------------------------------------------------|

You can object to the settlement or any part of it that you do not like **IF** you do not exclude yourself, or opt out, from the settlement. (Class Members who exclude themselves from the settlement have no right to object to how other Class Members are treated.) To object, you **must** send a written document to the Settlement Administrator, the Court, Class Counsel, and Defendant's counsel, at the addresses below. Your objection must include the following:

- A heading referring to the *Hinton v. Atlantic Union Bank* Class Action;

- Your name, address, telephone number, the last four digits of your account number (current or former) or Social Security Number, and the contact information for any attorney you have retained in connection with this case;

- A statement of the factual and legal basis for each objection and any exhibits you wish the Court to consider in connection with the objection;

- A statement as to whether you intend to appear at the Final Approval Hearing, either in person or through an attorney, and, if through an attorney, identifying the attorney by name, address, and telephone number; and

- Your signature.

Class Counsel and/or Defendant's Counsel will file any objections and responsive pleadings at least seven days before the Final Approval Hearing Date.

Be advised that if you object to the settlement and retain an attorney for purposes of objecting, you are solely responsible for paying that attorney's fees and costs.

If you fail to comply with the provisions herein, you will waive and forfeit any and all rights to appear and/or object separately, and will be bound by the terms of this Agreement and the orders and judgments of the Court.

All objections must be post-marked <u>no later</u> than _____, and must be mailed to the above-identified recipients as follows:

| CLAIMS ADMINISTRATOR |
| --- |
| Hinton v. Atlantic Union Bank Settlement Administrator<br>[ADDRESS] |

| 18. | What is the difference between objecting and requesting exclusion from the settlement? |
| --- | --- |

Objecting is telling the Court that you do not believe the settlement is fair, reasonable, and adequate for the class, and asking the Court to reject it. You can object only if you do not opt out of the settlement. If you object to the settlement and do not opt out, then you are entitled to a payment if the settlement is approved, but you will release claims you might have against Defendant. Excluding yourself or opting out is telling the Court that you do not want to be part of the settlement, and do not want to receive a payment or release claims you might have against Defendant for the claims alleged in this lawsuit.

| 19. | What happens if I object to the settlement? |
| --- | --- |

If the Court sustains your objection, or the objection of any other Class Member, then there is no settlement. If you object, but the Court overrules your objection and any other objection(s), then you will be part of the settlement.

## THE COURT'S FAIRNESS HEARING

| 20. | When and where will the Court decide whether to approve the settlement? |
| --- | --- |

The Court will hold a Final Approval or Fairness Hearing at [date/time] at_____. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court may also decide how much to award Class Counsel for attorneys' fees and expenses and how much the Named Plaintiff should get as a "Service Award" for acting as the class representative.

| 21. | Do I have to come to the hearing? |
| --- | --- |

No. Class Counsel will answer any questions the Court may have. You may attend if you desire to do so. If you have submitted an objection, then you may want to attend.

| 22. | May I speak at the hearing? |
| --- | --- |

If you have objected, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection, described in Question 17, above, the statement, "I hereby give notice that I intend to appear at the Final Approval Hearing."

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing at all, and if the settlement is approved, then you may receive a payment that represents your share of the Settlement Fund. You will be considered a part of the class, and you will give up claims against Defendant for the conduct identified in the settlement. You will not give up any other claims you might have against Defendant that are not released in this settlement.

## THE LAWYERS REPRESENTING YOU

| 24. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the lawyers and their law firms referred to in this notice as "Class Counsel" will represent you and the other Class Members.

| 25. | Do I have to pay the lawyer for accomplishing this result? |
|---|---|

No. Class Counsel will be paid directly from the Settlement Fund.

| 26. | Who determines what the attorneys' fees will be? |
|---|---|

The Court will be asked to approve the amount of attorneys' fees at the Fairness Hearing. Class Counsel will file an application for fees and costs and will specify the amount being sought as discussed above. You may review a physical copy of the fee application at the website established by the Settlement Administrator, URL.

For additional information about the settlement and/or to obtain copies of the settlement agreement, the pleadings in this case or to change your address for purposes of receiving a payment, you should contact the Settlement Administrator as follows:

Hinton v. Atlantic Union Bank Settlement Administrator
[ADDRESS]

*PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF DEFENDANT CONCERNING THIS NOTICE OR THE SETTLEMENT.*