**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

**MARTY HINTON,**

    individually and on behalf of all other
    similarly situated individuals,

        Plaintiff,

v.

**ATLANTIC UNION BANK,**

        Defendant.

Civil Action No. 3:20-cv-00651-JAG

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the above-captioned matter ("Action") is a putative class action before this Court;

WHEREAS, Plaintiff Marty Hinton ("Plaintiff"), individually and on behalf of the proposed Settlement Class and Defendant Atlantic Union Bank ("Atlantic Union") have entered into a Settlement Agreement dated August 23, 2021 (the "Agreement" or "Settlement"), which is subject to review by the Court under Federal Rule of Civil Procedure 23, and which, together with its exhibits, provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action against Atlantic Union;

WHEREAS, Plaintiff has filed an unopposed motion seeking: (a) certification of a class for settlement purposes pursuant to Rule 23(a), 23(b)(3), and 23(e) of the Federal Rules of Civil Procedure; (b) appointment of class representative of the settlement class; and (c) appointment of his counsel as Class Counsel;

1

WHEREAS, Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Agreement and directing the issuance of Notice to the Settlement Class as more fully described herein (the "Motion"); and

WHEREAS, the Court having reviewed the Motion along with the Agreement and its exhibits, and finding that substantial and efficient grounds exist for entering this order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      For purposes of this Preliminary Approval Order, all capitalized words have the same meaning as they have in the Agreement.

2.      **Settlement Class Certification:** Pursuant to Federal Rules of Civil Procedure Rules 23(a) and 23(b)(3), and for purposes of settlement only, the Action is hereby preliminarily certified as a class action on behalf of the following Settlement Class:

> All persons who hold an Atlantic Union checking account who, at any point from January 1, 2014 through July 1, 2021, were charged an overdraft fee on a debit card transaction that was approved on positive funds but later settled onto negative funds.

3.      Pursuant to the recently amended Fed. R. Civ. P. 23(e), the terms of the Agreement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>   (i) the costs, risks, and delay of trial and appeal;
>   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required;
>   (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
>   (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

2

Fed. R. Civ. P. 23(e)(2).

4.   **Settlement Class Findings:** The Court finds, for purposes of settlement only, and without any adjudication on the merits, that the prerequisites for certifying the Action as a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, and that the Court will likely certify at the final approval stage a Settlement Class. As to Rule 23(a), the court finds that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed Class Representative are typical of the claims of the Settlement Class Members; (d) the proposed Class Representative and proposed Class Counsel have and will fairly and adequately represent the interests of the Settlement Class.

5.   The numerosity requirement is satisfied because joinder of all parties would be impracticable. *See* Fed. R. Civ. P. 23(a)(1). While "no specified number is needed to maintain a class action," the size of the Settlement Class here unquestionably satisfies the numerosity requirements. *See, e.g., Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984).

6.   Commonality is satisfied where at least one issue of law or fact is common to the class. *See McGlothlin v. Connors*, 142 F.R.D. 626 (W.D. Va. 1992); *see also* Fed. R. Civ. P. 23(a)(2). Here, common issues of fact and law include the nature of the policy and whether the policy violates Atlantic Union's account contract. Resolution of those issues as to Plaintiff will resolve them for the Settlement Class as well and would rely largely on the same evidence as would be necessary to prove any other Settlement Class Member's claims.

7.   To satisfy the typicality analysis, the proposed class representative must show that he or she is "part of the class and possess[es] the same interest and suffer[ed] the same injury as the class members." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001);*see also* Fed.

3

R. Civ. P. 23(a)(3). Typicality is satisfied if the proposed class representative's claims "fairly encompass those of the entire class, even if not identical." *Fisher v. Va. Elec. & Power Co.*, 217 F.R.D. 201, 212 (E.D. Va. 2003). Here, Plaintiff appears to be typical because his claims arise from Atlantic Union's assessment of the same type of OD Fees that Atlantic Union allegedly collected from other Settlement Class Members.

8.      Finally, the adequacy analysis requires the Court to find that the Class Representative and Class Counsel will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Here, Plaintiff vigorously pursued the Action so far and appears to be capable of continuing to do so. Further, Class Counsel appears qualified, competent, and experienced in class action lawsuits. Rule 23(a)(4) thus appears to be satisfied.

9.      As to Rule 23(b)(3), the Court finds that questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the Action taking into consideration: (i) the lack of evidence of any intent among the Settlement Class Members to individually control the prosecution of separate actions; (ii) the parties' lack of awareness of any litigation concerning the controversy already begun by Settlement Class Members other than the proposed Class Representative; (iii) the small size of the claims of many of the individual Settlement Class Members making the pursuit of individual actions cost prohibitive for many Settlement Class Members; and (iv) the similarity of the Settlement Class Members' claims involving substantially identical proofs. *See* Fed. R. Civ. P. 23(b)(3).

10.     The predominance inquiry tests whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997); *see also Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 428 (4th Cir. 2003). The

4

common questions of the legality of this practice and Atlantic Union's policies associated with the practice predominate over questions—if any—affecting only individual Settlement Class Members, providing a common link between all the Settlement Class Members and Atlantic Union. *See Jeffreys v. Comm'ns Workers of Am., AFL-CIO*, 212 F.R.D. 320, 323 (E.D. Va. 2003) (finding predominance satisfied where "[t]he question in each individual controversy" would be resolved according to the same legal inquiry). Predominance thus appears to be satisfied.

11.     Superiority also appears to be satisfied because individual lawsuits are unlikely and Class Counsel have represented that they are unaware of other pending individual litigation against Atlantic Union involving APPSN Transactions. *See Droste v. Vert Capital Corp.*, No. 3:14-cv-467, 2015 WL 1526432, at *8 (E.D. Va. April 2, 2015) (factors to be considered are (1) class members' interest in controlling the litigation, (2) the existence of related litigation, (3) the desirability of concentrating the litigation in one forum, and (4) manageability). Because this is a settlement case, the Court need not consider manageability. *Amchem Prods.*, 521 U.S. at 593.

12.     **Appointment of Class Representative and Class Counsel:** The Court hereby finds and concludes pursuant to Rule 23, and for purposes of settlement only, that Plaintiff Marty Hinton is an adequate class representative and certifies his as Class Representative on behalf of the Settlement Class.

13.     In appointing class counsel, Rule 23(g) requires the court to consider (a) the work counsel has done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (3) counsel's knowledge of applicable law, and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The court may also consider any other matter pertinent to counsel's ability to represent the class. Fed. R. Civ. P. 23(g)(1)(B). The

Court finds that proposed Class Counsel from the law firms of Patrick T. Fennell, Attorney at Law; KalielGold PLLC; Cohen & Malad, LLP; Branstetter, Stranch & Jennings, PLLC; and The Johnson Firm, have expended a great deal of time, effort, and expense investigating Atlantic Union's APPSN assessment practice, contract documents, and transactional data prior to and since filing this action. It is clear from their track-record of success, as outlined in their resumes, that Class Counsel are highly skilled and knowledgeable concerning class-action practice. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court appoints the following as Class Counsel to act on behalf of the Settlement Class and the Class Representative with respect to the Settlement:

Jeffrey Kaliel of KalielGold PLLC

Lynn A. Toops of Cohen & Malad, LLP

J. Gerard Stranch, IV of Branstetter, Stranch & Jennings, PLLC

Christopher D. Jennings of The Johnson Firm

14.    **Preliminary Approval of the Settlement:** The Court hereby preliminarily approves the Settlement, as embodied in the Agreement, as being fair, reasonable, and adequate, and in the best interest of the named plaintiff and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. The Settlement meets the considerations set forth in Rule 23(e) and *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir. 1991).

15.    When evaluating the fairness of a settlement, the Court must evaluate the settlement against the following criteria: (1) the posture of the case at the time the settlement was proposed; (2) the extent of discovery conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel. *In re Jiffy Lube*, 927 F.2d at 159. As to the posture of the case, it appears

6

that the Settlement was reached after significant work was performed. Similarly, as to the extent of discovery, it appears that Atlantic Union provided substantial data regarding APPSN OD Fees to allow the parties to evaluate the case. The provision of informal damages discovery is sufficient to satisfy the fairness factor, particularly where, as here, experts are involved. *In re Jiffy Lube*, 927 F.2d at 159 (recognizing that informal discovery can provide satisfactory information prior to preliminary approval). Thus, the first two fairness factors warrant preliminary approval.

16.     The third factor, circumstances surrounding the negotiations, also supports preliminary approval. *See id.* The Settlement was negotiated with the assistance of United States Magistrate Judge John F. Anderson and appears to be the result of extensive, arm's length negotiations between the Parties after Class Counsel and Atlantic Union's Counsel had investigated the claims, extensively litigated them, and become familiar with the claims' strengths and weaknesses. *See, e.g., Bicking v. Mitchell Rubenstein & Assocs., P.C.*, No. 3:11CV78-HEH, 2011 WL 5325674, at *5 (E.D. Va. 2011) (finding settlement fair where it was reached "under the supervision and direction" of a Magistrate Judge). Further, the Parties did not discuss attorneys' fees or a Service Award until after agreeing upon the material terms of the Settlement. The Settlement appears not to be collusive, has no obvious defects, and falls within the range of reasonableness.

17.     Class Counsel intends to seek an award of 33.33% of the Settlement Fund and a request for reimbursement of reasonable costs. The Agreement also authorizes Plaintiff to seek a Service Award of $7,500.00. These amounts appear reasonable, but the Court will defer on ruling until the Final Approval Hearing.

18.     Accordingly, the Court preliminarily finds that the Settlement is fair.

19.     In assessing the adequacy of the Settlement, the Court looks to (1) the relative

7

strength of the merits of the plaintiff's claims; (2) the existence of any difficulties of proof or strong defenses the plaintiff will encounter at trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendant and likelihood of recovery; and (5) the degree of opposition to the Settlement. *In re Jiffy Lube*, 927 F.2d at 159. While the fifth factor cannot be evaluated until after notice is provided to the class, the first four factors appear satisfied.

20.     The first and second factors, which are generally considered together, evaluate "how much the class sacrifices in settling a potentially strong case in light of how much the class gains in avoiding the uncertainty of a potentially difficult one." *In re The Mills Corp. Securities Litig.*, 265 F.R.D. 246, 256 (E.D. Va. 2009). Here, it is clear that numerous factual and legal issues remain in dispute. Accordingly, the first two factors warrant Preliminary Approval.

21.     The likely duration and expense of continued litigation are also substantial. Settlement will avoid "returning the case to this Court for class and merits discovery, class certification, summary judgment, trial, and further appeals," favoring approval. *See Solomon v. Am. Web Loan, Inc.*, No. 4:17cv145, 2020 WL 3490606, at *5 (E.D. Va. June 26, 2020).

22.     Finally, while Atlantic Union appears solvent, the fourth factor is "largely considered beside the point given the other factors weighing in favor of preliminary approval." *Id.*

23.     Accordingly, the Court preliminarily finds that the Settlement is adequate.

24.     Class Counsel and Atlantic Union's counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without the Court's further approval, minor form or content changes to the Notice they jointly agree are reasonable or necessary.

25.     **Final Approval Hearing:** The Court will hold a Final Approval Hearing on

8

Wednesday, March 30, 2022 at 10:00 a.m. The Final Approval Hearing is conducted for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether an order of Final Judgment should be entered dismissing the Action on the merits and with prejudice; (c) to determine whether the proposed plan of allocation and distribution of the Settlement Fund is fair and reasonable and should be approved; (d) to determine whether any requested award of attorneys' fees and costs, expenses, and a Service Award for the Class Representative should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

26.     **Retention of Settlement Administrator and Manner of Notice:** Angeion Group may be retained as the Settlement Administrator to supervise and administer the Notice Program, as well as the distribution of the Settlement Fund should the Court grant Final Approval. Notice of the Settlement and the Final Approval Hearing shall be through the Settlement Administrator as follows:

a.     Within 75 days after Preliminary Approval of the Settlement, at the direction of Class Counsel and Atlantic Union's Counsel, the Settlement Administrator shall implement the Notice Program. Notice shall be provided through: (1) Postcard Notice; and (2) Long Form Notice, which will be available on the Settlement Website and which the Settlement Administrator will mail to Settlement Class Members who request it.

b.     Before mailing the Postcard Notice, the Settlement Administrator shall run the Settlement Class Members' physical addresses through the National Change of Address Database and shall mail to all such Settlement Class Members Postcard Notice.

c.     The Settlement Administrator shall perform reasonable address traces for

all Initial Mailed Notice postcards that are returned as undeliverable. A reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose.

d.      The Settlement Administrator shall also create and maintain a Settlement Website.

e.      In advance of the Final Approval Hearing, the Settlement Administrator shall prepare an affidavit confirming that the Notice Program was completed, confirming that the Class Action Fairness Act notice requirements have been met, describing how the Notice Program was completed, providing the names of each Settlement Class Member who timely opted out from the Settlement Class, and identifying Settlement Class Members who timely filed objections, as well as providing other information as may be necessary.

27.     **Approval of Form and Content of Notice:** The Court approves, as to form and content, the Notice Program, substantially in the forms attached as Exhibits to the Settlement Agreement. The Court finds that the Notice Program: (a) is the best notice practicable under the circumstances, (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Release contained therein), and of their right to object to any aspect of the proposed Settlement, to exclude themselves from the Settlement Class, and to appear at the Final Approval Hearing; (c) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the Rules of this Court, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Postcard Notice and Long Form Notice, respectively, before they are mailed or published.

28.     **Dissemination of Notice:** The Court directs Class Counsel to disseminate the Notice as proposed in this Order.

29.     **Exclusion from the Settlement Class:** The Class Notice shall provide that any member of the Settlement Class who wishes to be excluded from the Settlement Class must request exclusion in writing within the time and manner set forth in the Notice. The Notices shall provide that requests for exclusion must be postmarked by the Opt-Out/Objection Deadline.

30.     Any Settlement Class Member who timely and validly requests exclusion from the Settlement Class is excluded from the Settlement Class by Order of the Court, shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement Agreement, and shall have no right to payment from the Settlement Fund. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement.

31.     **Objections to the Settlement:** The Class Notice shall also provide that any Settlement Class Member who does not request exclusion from the Settlement Class may object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs and expenses and/or a Service Award to the Class Representative. Objections to the Settlement, to the application for fees, costs, expenses, and/or to the Service Award must be mailed to the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the Opt-Out/Objection Deadline, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope when mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

32.     For an objection to be considered by the Court, the objection must also set forth:

a.       the Settlement Class Member's full name, address and current telephone number;

b.       if the individual is represented by counsel, the name and telephone number of counsel;

c.       all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

d.       the identity of any witnesses the objector may call to testify;

e.       a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct copies of such exhibits; and

f.       a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel.

33.     Class Counsel and/or Atlantic Union may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure.

34.     Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived the right to object to any aspect of the Settlement and/or to Class Counsel's application for attorneys' fees, costs and expenses and/or a Service Award to the Class Representative, and shall forever be barred and foreclosed from raising such objections in this or any other proceeding.

35.     **Settlement Administration Fees and Expenses:** All costs of the Settlement Administrator regarding notice and settlement administration, including notices required by the

Class Action Fairness Act, shall be paid by Defendant as set forth in the Agreement without further order of the Court.

36. **Settlement Fund:** The Settlement Fund means the $1,600,000.00 common cash fund for the benefit of the Settlement Class that Atlantic Union is obligated to pay under the Settlement should the Court grant Final Approval. The Settlement Fund will be used to pay Settlement Class Member Payments, any award of attorneys' fees, litigation costs and expenses to Class Counsel, and Service Award to Plaintiff ordered by the Court, and any *cy pres* payment to Virginia Health Care Foundation. Within fifteen (15) days after the entry of the Preliminary Approval Order, Atlantic Union shall deposit $1,600,000.00 into the Escrow Account.

37. **Automatic Distributions from the Settlement Fund:** Settlement Class Members do not need to submit a claim for or take any other action to participate in the Settlement. The allocation of the Settlement Fund shall be calculated according to the terms of the Agreement. The Parties' agreed allocation formula appears to be fair and reasonable. Settlement Class Member Payments to Current Account Holders shall be made first by crediting those Account Holders' Accounts, or by mailing a standard-size check if it is not feasible or reasonable to make the payment by a credit. Atlantic Union shall notify Current Account Holders of any such credit on the Account statement on which the credit is reflected by stating "Hinton class settlement" or something similar. Settlement Class Member Payments to Former Account Holders shall be made by mailing a standard-size check.

38. The amount of the Net Settlement Fund attributable to uncashed or returned checks sent by the Settlement Administrator shall be held by the Settlement Administrator one year from the date that the first distribution check is mailed by the Settlement Administrator. During this time the Settlement Administrator shall make a reasonable effort to locate intended recipients of

settlement funds whose checks were returned (such as by running addresses of returned checks through the Lexis/Nexis database that can be utilized for such purpose) to effectuate delivery of such checks. The Settlement Administrator shall make only one such additional attempt to identify updated addresses and re-mail or re-issue a distribution check to those for whom an updated address was obtained.

39.     **Termination:** If the Settlement is terminated, not approved, canceled, fails to become effective for any reason, or the Effective Date does not occur, this Order shall become null and void and shall be without prejudice to the rights of the named plaintiff, the Settlement Class Members, or Atlantic Union, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

40.     **Stay:** All pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

41.     Upon the entry of this Order, the Class Representative and all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims against Atlantic Union and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

42.     Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, he or she will be represented by Settlement Class Counsel.

43.     **Use of this Order:** Neither this Order nor the proposed Settlement (including the Agreement or any of its terms, or any aspect of the negotiations, discussions, and proceedings in

14

connection with the negotiation of the Agreement or Settlement): (a) shall be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order or the Settlement; (b) shall be described as, construed as, interpreted as, or offered against the Released Parties as evidence of, or deemed to be evidence of, any presumption, concession, or admission of any liability or wrongdoing or the validity of any claim by the Class Representative or the Settlement Class; or (c) shall be described as, construed as, interpreted as, or offered against the Class Representative or any Settlement Class Member as evidence of any infirmity in their claims or as evidence that the damages recoverable from Atlantic Union would not have exceeded the Settlement Amount.

44.    **Supporting Papers:** Class Counsel shall file and serve a brief in support of the proposed Settlement and their application for attorneys' fees, costs and expenses and/or a Service Award to the Class Representative no later than 120 days after this Preliminary Approval Order is entered. At the Final Approval Hearing, the Court will hear argument on Plaintiff's Motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees, costs, and expenses, and for the Service Award for the Class Representative. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to Class Counsel's application for attorneys' fees, costs, expenses, or the Service Award application, provided the objector(s) submitted timely objections that meet all of the requirements listed in the Agreement and in this Order.

45.    **Jurisdiction:** For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure

the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

46.     **Schedule:** The Court hereby sets the following schedule of events:

| Event | Calendar Days Before Final Approval Hearing |
|---|---|
| Notice Program Complete | December 27, 2021 |
| Motion for Final Approval, Attorneys' Fees, Expenses, and Costs, and Service Award | February 10, 2022 |
| Opt-Out Deadline | February 25, 2022 |
| Deadline to Submit Objections | February 25, 222 |
| Deadline to Respond to Objections | March 15, 2022 |
| Final Approval Hearing | March 30, 2022 |

SO ORDERED this _____13_____ day of _____October_____, 2021.

/s/
_____
John A. Gibney, Jr.
The Honorable John A. Gibney, Jr.
United States District Judge

16